1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7    LATWAHN J. MCELROY,                         Case No. 25-cv-00314-HSG

8                       Plaintiff,               **ORDER TO SHOW CAUSE WHY
                                                 LEAVE TO PROCEED IN FORMA**
9             v.                                 **PAUPERIS SHOULD NOT BE DENIED
                                                 PURSUANT TO 28 U.S.C. § 1915(g);**
10   DEPARTMENT OF CORRECTIONS, et               **DENYING REQUESTS FOR ORDER**
     al.,                                        **TO SHOW CAUSE AND TEMPORARY**
11                                               **RESTRAINING ORDER**
                       Defendants.
12                                               Re: Dkt. Nos. 2, 5, 11

13

14            Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant

15   to 42 U.S.C. § 1983.  For the reasons set forth below, the Court ORDERS Plaintiff to show cause

16   why his request for leave to proceed *in forma pauperis*, Dkt. No. 2, should not be denied pursuant

17   to the three strikes provision set forth in 28 U.S.C. § 1915; and DENIES Plaintiff's requests to

18   show cause and for a temporary restraining order, Dkt. Nos. 5, 11.

19                                            **DISCUSSION**

20   **I.       Order to Show Cause Why *In Forma Pauperis* Status Should Not Be Denied**

21            **A.       28 U.S.C. § 1915(g)**

22            This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which

23   became effective on April 26, 1996.  The PLRA provides that a prisoner may not bring a civil

24   action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3

25   or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a

26   court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

27   to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

28   serious physical injury."  28 U.S.C. § 1915(g).

United States District Court
Northern District of California

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) ("*Harris I*") (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance: The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*"). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted).

When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("*Harris II*").

"[R]epeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013). Complaints can run afoul of Rule 8(a) by (1) saying "too little," that is, by failing to meet the *Iqbal* pleading threshold, or (2) saying "too much." *Id.* at 1108-10. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges" and therefore can be properly dismissed under Rule 8. *McHenry v. Renne*, 84 F.3d 1179–80 (9th Cir. 1996).

A dismissal based on immunity does not constitute a strike because § 1915(g) omits the immunity language as a ground for a strike. *Harris I*, 935 F.3d at 675. There are rare cases where immunity may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim, or where immunity is so obvious that the suit is frivolous and dismissal counts as a strike. *Id.* at 676. "But these are exceptional cases where the affirmative defense is readily apparent without resort to any additional information outside the four corners of the

2

complaint. Such will rarely be the case with immunity-based defenses." *Id.*; *see Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (dismissal on basis of prosecutorial immunity for contents of government's appellate brief constituted strike).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews I*, 398 F.3d at 1121. A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *Id.* at 1119 n.8.

A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for

him. *Andrews I*, 398 F.3d at 1120. *Andrews I* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

**B.    Prior Denials of *In Forma Pauperis* Status**

Plaintiff is a frequent litigant. A February 10, 2025 search conducted of the federal court electronic records database, the Public Access to Court Electronic Records ("PACER") system, available at https://pacer.login.uscourts.gov, indicates that, as of that date, Plaintiff had filed seventy-two (72) cases or appeals in California federal courts, including this case. In the last five years, Plaintiff has filed nine cases in federal district courts in California and filed seven appeals in the Ninth Circuit Court of Appeals. *See, e.g.,* C No. 24-cv-7275, *McElroy v. Constantino, et al.* (C.D. Cal.); C No. 23-cv-0559, *McElory v. Castro, et al.* (E.D. Cal.); C No. 20-cv-0755, *McElroy v. Juarez, et al.* (S.D. Cal.); 9th Cir. C No. 21-16444, *McElroy v. S. Gates, et al.*; 9th Cir. C No. 21-16410, *McElroy v. Gomez, et al.*

Plaintiff has previously been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g), by both the Ninth Circuit Court of Appeals and by a California federal district court.

In 9th Cir. C No. 21-16444, *McElroy v. S. Gates, et al.*, the Ninth Circuit denied Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The Ninth Circuit found that Plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and that Plaintiff had not alleged imminent danger of serious physical injury. 9th Cir. C No. 21-16444, *McElroy v. S. Gates, et al.*, Dkt. No. 9 (9th Cir. Feb. 23, 2022). The Ninth Circuit identified the following cases as strikes: C No. 1:08-cv-0179, *McElroy v. Schultz* (E.D. Cal. Apr. 30, 2010); C No. 2:08-cv-0733, *McElroy v. CDC* (E.D. Cal. June 3, 2009); C No. 1:08-cv-0124, *McElroy v. Gebbmedin* (E.D. Cal. Dec. 11, 2008). *Id.*

United States District Court
Northern District of California

4

1    In C No. 23-cv-0559, *McElory v. Castro, et al.* (E.D. Cal.), the district court also denied

2    Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  The district

3    court identified the following cases as strikes, with the reasoning provided in the parenthetical

4    following the case citation: (1) C No. 2:02-cv-04301-MMM-MLG, *McElroy v. City of Inglewood,*

5    *et al.* (C.D. Cal. Nov. 20, 2002) (failure to state claim); (2) C No. 2:03-cv-05034-UAMLG,

6    *McElroy v. City of Inglewood, et al.* (C.D. Cal. July 25, 2003) (frivolous); (3) C No. 1:08-cv-

7    00124-LJO-GSA PC, *McElroy v. Gebbmedin, et al.* (E.D. Cal. Dec. 11, 2008) (failure to state

8    claim); (4) C No. 2:08-cv-00733 HWG, *McElroy v. California Department of Corrections* (E.D.

9    Cal. June 3, 2009) (failure to state claim); (5) C No. 1:08-cv-00179-OWW-MJS, *McElroy v.*

10   *Schultz, et al.* (E.D. Cal. Apr. 30, 2010) (failure to state claim); (6) C No. 1:13-cv-0483-MJS,

11   *McElroy v. Institutional Head Ground, et al.* (E.D. Cal. Nov. 1, 2013) (failure to state claim); and

12   (7) C No. 1:1-20-cv-00658-DAD-SAB (E.D. Cal. Dec. 10, 2020), *McElroy v. Gomez, et al.*

13   (failure to state claim, failure to comply with court order, failure to prosecute).  C No. 23-cv-0559,

14   *McElory v. Castro, et al.* (E.D. Cal.), Dkt. No. 6 (Apr. 21, 2023), Dkt. No. 12 (Jun. 20, 2023).

15       **C.    Prior Strikes**

16       The Court has reviewed Plaintiff's prior cases and finds that he has at least three cases

17   which were dismissed either as frivolous, or malicious, or for failure to state a claim:

18       (1)    C No. 2:02-cv-04301-MMM-MLG, *McElroy v. City of Inglewood, et al.* (C.D. Cal.

19   Nov. 20, 2002) (failure to state a claim).  In this case, Plaintiff alleged that the City of Inglewood

20   and certain Inglewood police officers stole property from him when they arrested him.  Plaintiff

21   styled the action as a petition for a writ of habeas corpus, but the court construed the action as a

22   civil rights complaint.  Plaintiff filed an amended complaint that superseded the initial habeas

23   petition.  In the amended complaint, Plaintiff acknowledged that he was filing a 42 U.S.C. § 1983

24   action and alleged that his personal property was seized upon his January 21, 2001 arrest and

25   never returned.  The court dismissed the action in its entirety with prejudice for failure to state a

26   claim because an unauthorized or negligent deprivation of property by a state official does not

27   state a federal claim.

28       (2)    C No. 2:03-cv-05034-UAMLG, *McElroy v. City of Inglewood, et al.* (C.D. Cal.

*United States District Court*
*Northern District of California*

July 25, 2003) (frivolous). In this action, Plaintiff raised the same claims regarding deprivation of property that he had brought in C No. 2:02-cv-04301-MMM-MLG, *McElroy v. City of Inglewood, et al.* The court dismissed this case in its entirety for failure to state a claim because the intentional or negligent deprivation of property by a state official does not state a federal claim and because the claims had been raised previously in a prior action.

(3)    C No. 1:08-cv-00124-LJO-GSA PC, *McElroy v. Gebbmedin, et al.* (E.D. Cal. Dec. 11, 2008) (failure to state a claim). In this action, Plaintiff sued various Kern Valley State Prison correctional officials for causing him mental and emotional pain and anguish by, *inter alia*, picking on him, making fun of him, and verbally taunting him. The court found that the complaint failed to state a claim for relief because verbal harassment or abuse alone does not state a federal claim. The court granted Plaintiff leave to file an amended complaint to correct this deficiency, but Plaintiff did not file an amended complaint. The court therefore dismissed the action in its entirety for failure to state a claim.

(4)    C No. 2:08-cv-00733 HWG, *McElroy v. California Department of Corrections* (E.D. Cal. June 3, 2009) (failure to state a claim). In this action, Plaintiff sued the California Department of Corrections and three Doe defendants – two doctors and one nurse – in their official capacities, alleging that they acted negligently and provided inadequate medical treatment between March 20, 2008 and April 7, 2008, when they allegedly discontinued various prescriptions, including dietary supplements, skin treatments, and medications; and when they allegedly discontinued a prescription for a wheelchair with a leg extension. The complaint indicated that Plaintiff was provided other medical treatment, albeit not the treatment he deemed necessary. Plaintiff sought monetary damages and also sought injunctive relief in the form of treatment, physical therapy, and surgical evaluation at an outside location. The court dismissed the California Department of Corrections from the action with prejudice because the claims against it were barred by the Eleventh Amendment. The court dismissed the claims seeking monetary relief from the Doe defendants in their official capacities, because state employees, such as the Doe defendants, are not persons within the meaning of 42 U.S.C. § 1983 when acting in their official capacities. The court dismissed the claims for injunctive relief regarding Plaintiff's

United States District Court
Northern District of California

1   medical treatment because the complaint alleged negligence and a difference of opinion between

2   Plaintiff and prison medical authorities as to Plaintiff's medical treatment, neither of which states

3   a violation of the Eighth Amendment.  The court granted Plaintiff leave to file an amended

4   complaint to address this deficiency, but Plaintiff did not file an amended complaint.  The court

5   therefore dismissed this action in its entirety with prejudice for failure to state a claim, and

6   specified that this dismissal constituted a "strike" under 28 U.S.C. § 1915(g).

7          (5)    C No. 1:08-cv-00179-OWW-MJS, *McElroy v. Schultz, et al.* (E.D. Cal. Apr. 30,

8   2010) (failure to state a claim).  In this action, Plaintiff sued the California Department of

9   Corrections and individual Kern Valley State Prison correctional officials, alleging that they

10  provided him inadequate medical care.  The court dismissed the California Department of

11  Corrections from the action with prejudice because the claims against it were barred by the

12  Eleventh Amendment.  The court dismissed the Eighth Amendment deliberate indifference to

13  serious medical needs claims because the supporting allegations were vague and conclusory, failed

14  to charge each individual defendant with specific conduct that indicated that they knew of and

15  disregarded a serious risk to Plaintiff's health and safety, and failed to comply with Fed. R. Civ. P.

16  8's requirement of a short and plain statement.  The court granted Plaintiff leave to file an

17  amended complaint and instructed that the amended complaint should allege in specific terms how

18  each individual defendant was involved in the alleged constitutional violation.  Plaintiff filed an

19  amended complaint, which was dismissed with leave to amend because Plaintiff again failed to

20  link each individual defendant with actionable conduct.  Plaintiff did not file a second amended

21  complaint.  The court therefore dismissed this action in its entirety for failure to state a claim.

22         (6)    C No. 1:13-cv-0483-MJS, *McElroy v. Institutional Head Ground, et al.* (E.D. Cal.

23  Nov. 1, 2013) (failure to state a claim).  In this action, Plaintiff sued the California Department of

24  Corrections ("CDCR"), CDCR director M. Cate, individual Kern Valley State Prison ("KVSP")

25  correctional officials, individual Salinas Valley State Prison ("SVSP") officials, and the warden at

26  High Desert State Prison, alleging that they violated his rights under the First, Eighth, and

27  Fourteenth Amendments and violated his rights under the Religious Freedom Restoration Act.

28  Plaintiff alleged that these defendants and others were involved in a conspiracy to deprive him of

religious items and to prevent him from complying with religious requirements.  In a detailed and reasoned order, the court dismissed the complaint because it violated the joinder rules in that Plaintiff had not linked the SVSP and High Desert State Prison defendants to the primary underlying incident at KVSP; because Plaintiff failed to link defendants Grounds, Hedgepath, Asuncion, Bonner, or Cate directly to the relevant incident at KVSP; because Plaintiff failed to properly link any named defendant to his First Amendment claim regarding observing Ramadan; because the allegations did not state a First Amendment violation but only alleged a simple miscommunication over when to return his food tray; because defendants Staily, Harden, and Mecevido's alleged actions did not rise to the level of an Eighth Amendment excessive force violation because it was unclear what each defendant did to Plaintiff; because the Fourteenth Amendment claim was unclear as to whether Plaintiff sought to bring an equal protection claim or a due process claim, and failed because it did not identify what each defendant did or did not do that violated the Fourteenth Amendment; because the complaint failed to identify any prison restrictions that placed a substantial burden on the exercise of Plaintiff's religious beliefs; and because the complaint failed to allege sufficient facts to support a cognizable conspiracy claim. The court granted Plaintiff leave to file an amended complaint.  Plaintiff filed an amended complaint, which the Court dismissed for failure to state a claim because it again violated the joinder requirement; again sought to sue the CDCR which is immune from suit pursuant to the Eleventh Amendment; again failed to link named defendants to the First Amendment claim; alleged a Fourth Amendment property claim which fails as a matter of law because the Fourth Amendment does not apply to prison cells; repeated the Eighth Amendment excessive force claim which the court had already dismissed with prejudice; again failed to pled sufficient facts to support a cognizable conspiracy claim; and alleged violations of California state law for which there is no private right of action.  The court therefore dismissed the action in its entirety for failure to state a claim.

(7)    C No. 1:1-20-cv-00658-DAD-SAB (E.D. Cal. Dec. 10, 2020), *McElroy v. Gomez, et al.* (failure to state a claim, failure to comply with court order, failure to prosecute).  The complaint filed in this action was rambling and incoherent.  In a detailed and reasoned order, the

court reviewed the complaint's numerous allegations and dismissed the complaint with leave to amend because, *inter alia*, it violated Fed. R. Civ. P. 8's requirement of a short and plain statement of the claim; violated Fed. R. Civ. P. 18 and 20's joinder requirements; failed to adequately link each individual defendant to an action or inaction that violated Plaintiff's civil rights; named defendants in supervisory positions but failed to allege that these supervisory defendants personally participated in the alleged constitutional violation; named defendants whose sole involvement in the alleged constitutional violation was his or her participation in the grievance process; the allegation that state laws were violated was insufficient, by itself, to state a federal constitutional violation; there is no liberty interest in being free of false accusations of misconduct and no liberty interest in a certain housing placement based upon a certain classification score; the confiscation of property is not actionable under the Due Process Clause; and the facts alleged failed to state claims for violation of the Eighth Amendment, the First Amendment, the Americans with Disabilities Act, or the Rehabilitation Act. The court granted Plaintiff leave to file an amended complaint. Plaintiff did not file an amended complaint. The court therefore dismissed the complaint for failure to state a cognizable claim; failure to obey the court's September 28, 2020 order ordering Plaintiff to file an amended complaint; and failure to prosecute the action.

The Court has carefully evaluated the above cases, and finds that these cases qualify as strikes because the cases were dismissed in their entirety for either failure to state a claim or as frivolous. *Andrews I*, 398 F.3d at 1121 ("§ 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim"); *Harris I*, 935 F.3d at 674, 676 (to be counted as strike, case must be dismissed in its entirety as frivolous, malicious or for failure to state claim; where immunity is so obvious from face of complaint that suit is frivolous, dismissal for immunity counts as a strike); *Harris II*, 863 F.3d at 1143 (when court dismisses complaint for failure to state claim and grants leave to amend, and plaintiff fails to file amended complaint, dismissal counts as Section 1915(g) strike); *Knapp*, 738 F.3d at 1108 (repeated and knowing violations of Fed. R. Civ. P. 8 are strikes as failure to state claim).

United States District Court
Northern District of California

United States District Court
Northern District of California

### D.    Complaint

Plaintiff filed this complaint on or about January 7, 2025.  Dkt. No. 1 at 1.  The complaint is rambling and incoherent.  The complaint names over thirty defendants.  Plaintiff identifies by name the following defendants: the California Department of Corrections and Rehabilitation; CTF doctor Puie; SVSP doctor Dingbo Su; correctional counselor Jackson; sergeant Shelby; appeal reviewer Moeckly; warden Acre; library clerk Tomilson; correctional officers Galvan, Mella, Garcia, and Ramirez; and Global TelLink.  The remaining defendants are Doe defendants.  The complaint brings numerous claims about unrelated incidents, including but not limited to, alleging that the water is tainted which has caused Plaintiff to be dehydrated; that Plaintiff's cell toilet is inoperable; that Plaintiff is without hot water; that CTC doctors have denied Plaintiff proper medical care by denying his request to be either transferred to New Stockton, or granted single cell status, or released on medical parole; that Plaintiff's placement in administrative segregation is harmful to his health; that Plaintiff is unable to access his mail, legal mail envelopes, and religious items; that on some occasions Plaintiff was not provided his vegetarian religious meal when he opted to have a kosher meal instead; that he has not been provided therapy to ameliorate damage to his lower extremities; that Plaintiff has been exposed to hazardous infection or environmental biohazard/waste; that Plaintiff is unable to access necessary legal resources; that in late November 2024 to early December 2024, Plaintiff was denied medical care when he experienced shortness of breath; and that Plaintiff had a "mysterious slip and fall" that he believes was engineered by certain correctional officials.  *See generally* Dkt. No. 1.

### E.    Imminent Danger of Serious Physical Injury Analysis

The complaint's allegations do not support an inference that Plaintiff faced imminent danger of serious physical injury from Defendants on January 7, 2025, the date he filed the complaint.  Plaintiff makes the conclusory and unintelligible statement that he has been in imminent danger and emergency due to dehydration and incapacity because "as of 1/1/25 and prior there was tainted water, no hot water, and then no cell water provided caused dehydration." He has not linked the tainted water or lack of water to any defendant.  Nor is it clear how the water is tainted.  To the extent that Plaintiff is claiming that he is in danger of serious physical injury if

1    he is not transferred to New Stockton, granted single cell status, or released on medical parole, he

2    has not explained why his current housing placement puts him at risk of harm.  He describes his

3    injuries as occurring from a chronic medical condition that causes him to have random

4    immobilizing body spasms.  The particular spasm discussed in this complaint occurred on

5    November 25, 2024, and, according to the complaint, Plaintiff was provided with immediate

6    medical treatment and his treating physicians did not deem it medically necessary to be transferred

7    to New Stockton or have single cell status.

8         The complaint does not make a plausible allegation that Plaintiff faced imminent danger of

9    serious physical injury from Defendants at the time he filed the complaint.  *Andrews II*, 493 F.3d

10   at 1055.  Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show

11   cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the

12   three strikes provision set forth in 28 U.S.C. § 1915.

**II.     Requests for Order to Show Cause and Temporary Restraining Order / Preliminary
13         Judgment, Requesting the Court Take Judicial Notice (Dkt. Nos. 5, 11)**

14

15        Plaintiff has filed two pleadings titled "Order to Show Cause and Temporary Restraining

16   Order / Preliminary Judgement, Requesting the Court Take Judicial Notice."  Dkt. Nos. 5, 11.

17   Though Dkt. No. 5 and Dkt. No. 11 were signed and filed on different days, Dkt. No. 11 is the

18   same declaration that was filed at Dkt. No. 5 at 1-4.  For the reasons set forth below, the Court

19   DENIES these pleadings.

20        Like the complaint, both Dkt. No. 5 and Dkt. No. 11 are rambling lists of unrelated

21   grievances.  In these pleadings, Plaintiff requests that the Court "take judicial notice that this form

22   of documents may require professional amendment;" alleges that he has no access to the law

23   library; requests that he be allowed to use his last name for GTL calling and to update access for

24   his contracts outreach; alleges that the CDCR discriminated against him by placing him in AdSeg

25   "without a medical infirmary – without proper care and without effective medical care;" alleges

26   that he must be transferred to New Stockton due to multiple threats and gang violence at SVSP;

27   alleges that officers hurl insults at him; alleges that the classification committee incorrectly denied

28   his single cell request; that he is imminent danger; alleges that he requires urgent access to legal

United States District Court
Northern District of California

United States District Court
Northern District of California

1    assistance; and alleges that he needs to be protected from retaliatory disciplinary detention. *See*

2    *generally* Dkt. No. 5 at 1-3; Dkt. No. 11. In his proposed order to show cause filed with Dkt. No.

3    5, Plaintiff requests that the Court order Defendants to show cause why Plaintiff should be not

4    granted a preliminary injunction, sanctions, and preliminary judgment; and then proceeds to list

5    various alleged misconduct, including but not limited to prison officials denying him access to the

6    law library when Flex Profile is not operable; denying his request that his diet be changed from

7    Religious Meal Alternative to kosher; failing to provide him with a tablet charger in working

8    condition or a sanitary reguard (sic); failing to issue him a working TV so he can participate in

9    virtual religious services; failing to provide him kosher meals on certain days; failing to provide

10    him necessary sanitary supplies; and refusing to allow him to continue being treated by Dr.

11    Reynolds. *See generally* Dkt. No. 5-1.

12          The Court DENIES the requests made in these two pleadings.

13          The requests for judicial notice are DENIED because it is unclear what relief is sought.

14    Plaintiff requests judicial notice that that the form of the documents may require professional

15    amendment. It is unclear what kind of "professional amendment" is required for his pleadings.

16    Moreover, judicial notice does not apply to amending documents. Fed. R. Evid. 201 provides that

17    a court may take judicial notice of facts not subject to reasonable dispute if certain conditions are

18    satisfied. Fed. R. Evid. 201. Fed. R. Evid. 201 does not apply to amendment of documents.

19          To the extent that Plaintiff seeks any kind of temporary or preliminary injunctive relief

20    such a request is DENIED as premature. It is unclear if this case will proceed as Plaintiff has not

21    yet paid the filing fee or been granted *in forma pauperis* status. In addition, the Court has not yet

22    determined if the complaint states any cognizable claims. A plaintiff is only entitled to an

23    injunction based on claims pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen's*

24    *Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury

25    claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.

26    This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the

27    claims set forth in the underlying complaint itself." *Id.* (citation omitted); *see, e.g., id.* at 636-38

28    (district court properly denied plaintiff's request for injunction to prevent HIPAA violation, where

1  plaintiff had not asserted claim for HIPAA violation). The Court therefore cannot evaluate any

2  request for temporary or preliminary injunctive relief until the Court screens the complaint.

3                                  **CONCLUSION**

4          For the reasons set forth above, the Court ORDERS as follows.

5          1.       The Court ORDERS Plaintiff to, within **twenty-eight (28) days** of the date of this

6  order, SHOW CAUSE why his request for leave to proceed *in forma pauperis* should not be

7  denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in

8  accordance with this order may result in dismissal of this action without further notice to Plaintiff

9  pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

10         2.       The Court DENIES Dkt. Nos. 5, 11

11         This order terminates Dkt. Nos. 5, 11.

12         **IT IS SO ORDERED.**

13  Dated:    3/3/2025

14
                                    HAYWOOD S. GILLIAM, JR.
15                                  United States District Judge

16

United States District Court
Northern District of California

17

18

19

20

21

22

23

24

25

26

27

28

13