1

2

3

4                        UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    LATWAHN J. MCELROY,                          Case No.  25-cv-00314-HSG

8                 Plaintiff,
                                                  **ORDER DENYING LEAVE TO**
9         v.                                      **PROCEED IN FORMA PAUPERIS;**
                                                  **DENYING REQUEST FOR**
10   DEPARTMENT OF CORRECTIONS, et                **EXCEPTION; REQUIRING FILING**
     al.,                                         **FEE IN FULL**
11
                 Defendants.                      Re: Dkt. Nos. 2, 19
12

13        Plaintiff, an inmate at Salinas Valley State Prison, filed this *pro se* civil rights action

14   pursuant to 42 U.S.C. § 1983 on or about January 7, 2025.  Dkt. No. 4-4 at 2.  Plaintiff has

15   requested leave to proceed *in forma pauperis*.  Dkt. Nos. 2, 19.  On March 3, 2025, the Court

16   ordered Plaintiff to show cause why he should not be denied leave to proceed *in forma pauperis*

17   pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  Dkt. No. 13.  Plaintiff filed

18   his response with the Court on April 7, 2025.  Dkt. No. 19.  In that response, Plaintiff requests that

19   the Court apply the imminent danger exception in this action and allow him to proceed *in forma*

20   *pauperis*.  The Court has carefully considered the record and, for the reasons set forth below,

21   DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and

22   ORDERS Plaintiff to pay the filing fee in full in order to proceed with this action.

23                                      **DISCUSSION**

24   I.    **PLRA's Three-Strikes Provision**

25        This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was

26   enacted, and became effective, on April 26, 1996.  The PLRA provides that a prisoner may not

27   bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the

28   prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

United States District Court
Northern District of California

1    an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous,

2    malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

3    imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

4         For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit

5    gives this guidance.  The phrase "fails to state a claim on which relief may be granted" parallels

6    the language of Fed. R. Civ. P. 12(b)(6) and apparently means the same thing.  *Andrews v. King*,

7    398 F.3d 1113, 1121 (9th Cir. 2005).  A case "is frivolous if it is 'of little weight or importance:

8    having no basis in law or fact.'"  *Id.* (citation omitted).  "A case is malicious if it was filed with

9    the 'intention or desire to harm another.'"  *Id.* (citation omitted).  "Not all unsuccessful cases

10   qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP

11   status only when, after careful evaluation of the order dismissing an action, and other relevant

12   information, the district court determines that the action was dismissed because it was frivolous,

13   malicious or failed to state a claim."  *Id.* at 1121.

14        The plain language of the imminent danger clause in Section 1915(g) indicates that

15   "imminent danger" is to be assessed at the time of filing of the complaint.  *See Andrews v.*

16   *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  The conditions that existed at

17   some earlier or later time are not relevant.  *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of

18   prison at which danger allegedly existed may have made moot his request for injunctive relief

19   against alleged danger, but does not affect Section 1915(g) analysis).  The Court "should not make

20   an overly detailed inquiry into whether the allegations qualify for the exception."  *Id.* at 1055.  It is

21   sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger

22   of serious physical injury' at the time of filing."  *Id.*

23   **II.    Analysis**

24        On March 3, 2025, the Court found that Plaintiff had seven prior cases which constituted

25   strikes within the meaning of 28 U.S.C. § 1915(g) because they had been dismissed either as

26   frivolous, malicious, or for failure to state a claim.  Dkt. No. 13 at 5-9.   The Court reviewed the

27   complaint and found that its rambling, incoherent allegations did not support an inference that

28   Plaintiff faced imminent danger from Defendants on January 7, 2025, the date he filed the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  complaint:

2       Plaintiff filed this complaint on or about January 7, 2025. Dkt. No. 1 at 1. The complaint is rambling and incoherent. The complaint names over thirty defendants. Plaintiff identifies by name the following defendants: the California Department of Corrections and Rehabilitation; CTF doctor Puie; SVSP doctor Dingbo Su; correctional counselor Jackson; sergeant Shelby; appeal reviewer Moeckly; warden Acre; library clerk Tomilson; correctional officers Galvan, Mella, Garcia, and Ramirez; and Global TelLink. The remaining defendants are Doe defendants. The complaint brings numerous claims about unrelated incidents, including but not limited to, alleging that the water is tainted which has caused Plaintiff to be dehydrated; that Plaintiff's cell toilet is inoperable; that Plaintiff is without hot water; that CTC doctors have denied Plaintiff proper medical care by denying his request to be either transferred to New Stockton, or granted single cell status, or released on medical parole; that Plaintiff's placement in administrative segregation is harmful to his health; that Plaintiff is unable to access his mail, legal mail envelopes, and religious items; that on some occasions Plaintiff was not provided his vegetarian religious meal when he opted to have a kosher meal instead; that he has not been provided therapy to ameliorate damage to his lower extremities; that Plaintiff has been exposed to hazardous infection or environmental biohazard/waste; that Plaintiff is unable to access necessary legal resources; that in late November 2024 to early December 2024, Plaintiff was denied medical care when he experienced shortness of breath; and that Plaintiff had a "mysterious slip and fall" that he believes was engineered by certain correctional officials. *See generally* Dkt. No. 1.

    . . .

    The complaint's allegations do not support an inference that Plaintiff faced imminent danger of serious physical injury from Defendants on January 7, 2025, the date he filed the complaint. Plaintiff makes the conclusory and unintelligible statement that he has been in imminent danger and emergency due to dehydration and incapacity because "as of 1/1/25 and prior there was tainted water, no hot water, and then no cell water provided caused dehydration." He has not linked the tainted water or lack of water to any defendant. Nor is it clear how the water is tainted. To the extent that Plaintiff is claiming that he is in danger of serious physical injury if he is not transferred to New Stockton, granted single cell status, or released on medical parole, he has not explained why his current housing placement puts him at risk of harm. He describes his injuries as occurring from a chronic medical condition that causes him to have random immobilizing body spasms. The particular spasm discussed in this complaint occurred on November 25, 2024, and, according to the complaint, Plaintiff was provided with immediate medical treatment and his treating physicians did not deem it medically necessary to be transferred to New Stockton or have single cell status.

    The complaint does not make a plausible allegation that Plaintiff faced imminent danger of serious physical injury from Defendants at the time he filed the complaint. *Andrews II*, 493 F.3d at 1055.

Dkt. No. 13 at 10-11.

On April 7, 2025, Plaintiff filed a response to the Order to Show Cause, which he titled "Motion Informing the Court of Threats of Imminent Danger of Health & Safety and Supporting Declaration thereof Pursuant to 28 U.S.C. § 1915(g) imminent danger exception Appy's giving rise to cause to grant IFP Status." Dkt. No. 19. The response is similar to the complaint in that it is hard to follow, and makes vague nonspecific allegations. Plaintiff does not dispute that he has suffered at least three strikes within the meaning of 28 U.S.C. § 1915(g). Rather, his response

3

1    argues that he satisfies the imminent danger exception for the following reasons.  At the time the

2    complaint was filed, Plaintiff had no interaction with a primary care provider and was not

3    evaluated despite his medical needs; his mail was opened and walked away from him, thereby

4    causing "a First Amendment claim due to similar mistreatment that threatens access to the courts,

5    fails to provision instant access to legal resources even those of legal effects of person, stationery,

6    relevant documents & law library other than that prior to 12/22/24;" Defendants failed to inform

7    Plaintiff "that they were not actual doctors and ultimately he would see someone else who would

8    specifically help him;" Sgts. Howard and Shelby refused to get Plaintiff a medical lay-in bed or

9    isolation; Plaintiff was not receiving effective medical care from Christopher Elorde; Plaintiff's

10   medical requests were put off; Plaintiff was not provided proper healing or painkillers; and

11   Plaintiff was not granted an emergency transfer to another facility.  Plaintiff states that he

12   continues to be denied medical care and reasonable accommodation.  *See generally* Dkt. No. 19.

13         Plaintiff has not made any plausible allegations that he faced imminent danger of serious

14   physical injury from Defendants as of January 7, 2025.  Plaintiff speaks vaguely and generally of

15   being denied medical care, but it is unclear what medical condition he has, what kind of treatment

16   he requires for his medical condition, which specific defendant denied the medical treatment, and

17   why he required a transfer to another facility.   It is also unclear how the alleged vague denial of

18   medical treatment and the opening of his mail subjected him to imminent danger of serious

19   physical injury.

20         The Court has considered Plaintiff's litigation history, the operative complaint, and

21   Plaintiff's response to the OSC.  The Court finds that Plaintiff has not made a plausible allegation

22   that he faced imminent danger of serious physical injury from Defendants at the time this action

23   was filed.  Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court DENIES Plaintiff leave to

24   proceed *in forma pauperis*.  *Andrews II*, 493 F.3d at 1055 (imminent danger exception applies if

25   complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious

26   physical injury' at the time of filing.").

27                                    **CONCLUSION**

28         For the reasons set forth above, the Court DENIES Plaintiff leave to proceed *in forma*

United States District Court
Northern District of California

1    *pauperis* pursuant to 28 U.S.C. § 1915(g).  Dkt. Nos. 2, 19.  Plaintiff may proceed with this action

2    only if he prepays the $350 filing fee and $55 administrative fee in full.  Plaintiff must pay the full

3    filing and administrative fees within **twenty-eight (28) days** of the date of this order.  If the full

4    filing and administrative fees are not received by that date, the Court will dismiss this action

5    without prejudice to Plaintiff re-filing upon payment of the full filing and administrative fees.

6         This order terminates Dkt. Nos. 2, 19.

7         **IT IS SO ORDERED.**

8    Dated:   4/16/2025

9

10                                             HAYWOOD S. GILLIAM, JR.
                                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California