UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN J. MCELROY,<br>Plaintiff,<br>v.<br>DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | Case No. 25-cv-00314-HSG<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 22, 23 |

Plaintiff has filed a *pro se* civil rights action. For the reasons set forth below, the Court DENIES Dkt. Nos. 22 and 23; and DISMISSES this action without prejudice for failure to pay the filing fee in full.

**DISCUSSION**

**I.     BACKGROUND**

On or about January 7, 2025, Plaintiff filed a civil rights action in this court, and an accompanying request for leave to proceed *in forma pauperis*. Dkt. Nos. 1, 2.

On March 3, 2025, the Court ordered Plaintiff to show cause by March 31, 2025 why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three-strikes provision set forth in 28 U.S.C. § 1915. Dkt. No. 13. The Court noted that Plaintiff is a frequent litigant, having filed more than 72 cases in federal courts; that he has previously been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g); that he has had at least three cases which were dismissed either as frivolous, malicious, or for failure to state a claim; that the complaint is rambling and incoherent; and that the complaint does not make a plausible allegation that he faced imminent danger of serious physical injury from Defendants at the time that he filed the complaint. *See generally* Dkt. No. 13.

1       On or about March 11, 2025, the Court docketed a second complaint from Plaintiff in this action. Dkt. No. 16.[1]

On March 14, 2025, the Court ordered Plaintiff to identify the operative complaint – Dkt. No. 1 or Dkt. No. 16 – by April 17, 2025. Dkt. No. 17. In this same order, the Court denied Plaintiff's request for appointment of counsel. *Id.*

On April 16, 2025, the Court denied Plaintiff's request for leave to proceed *in forma pauperis*, finding that Petitioner had seven prior cases which constituted strikes within the meaning of 28 U.S.C. § 1915(g) and that he had not made any plausible allegations that he faced imminent danger of serious physical injury from Defendants as of January 7, 2025, when he filed the complaint in this action. The Court ordered Plaintiff to pay the filing fee in full by May 14, 2025 or face dismissal of this action. Dkt. No. 21.

## II. Pending Motions (Dkt. Nos. 22, 23)

Plaintiff has filed a pleading titled "Motion to Extend Time Until the Court Can Provide Further Instruction 28 U.S.C. § 2201-22," Dkt. No. 22; and a pleading titled "Motion for Reconsideration and Motion for Extension of Time 30 Day," Dkt. No. 23. In Dkt. No. 22, Plaintiff requests *inter alia* that the Court take judicial notice that he originally mailed the complaint to this Court on December 22, 2024 with a signed proof of service; that the Court identify the operative complaint; and that he be granted an extension of time until he has full access to the law library. Dkt. No. 22. In Dkt. No. 23, Plaintiff states that he has been unable to fill a specific response to the Order to Show Cause; that his prior pleadings were only to give notice of the issues that he would present once he has full access to legal resources; and that the Court should reconsider its prior order granting in part and denying in part his request for an extension of time to file a response to the Order to Show Cause. Dkt. No. 23. In both pleadings, Plaintiff makes various allegations about being denied medical care in a manner that exposed him to imminent danger. Dkt. Nos. 22, 23.

---

[1] Dkt. No. 16 was initially received by the Court on February 6, 2025. Because it lacked a case number, the Court opened a new action, C No. 25-cv-1280 HSG, for Dkt. No. 16. After reviewing Dkt. No. 16 and noticing that it was substantially similar to Dkt. No. 1, the Court closed C No. 25-cv-1280, and ordered that Dkt. No. 16 be docketed in this action.

The Court DENIES as moot Plaintiff's request for an extension of time to file his response to the Court's March 3, 2025 Order to Show Cause ("OSC"). The Court properly construed Plaintiff's pleading docketed at Dkt. No. 19 as his answer to the OSC because Dkt. No. 19 addressed the relevant issues. Dkt. No. 19 requested that the Court apply the imminent danger exception and allow Plaintiff to proceed *in forma pauperis*. Dkt. No. 19; *see also* 21.

To the extent that Plaintiff is requesting that the Court treat Dkt. No. 19 as a "notice," but not the response to the OSC, this request is DENIED. First, Dkt. No. 19 addressed the relevant issue of whether Plaintiff faced imminent danger of serious physical injury. Second, Plaintiff is not entitled to file a series of pleadings to answer the OSC. The Court ordered Plaintiff to file an answer to the OSC, not a series of answers. The Court will not piece together an answer to the OSC from a series of pleadings. Third, although Plaintiff argues that his answer cannot yet be prepared because of limited legal resources, limited access to legal resources does not prevent Plaintiff from presenting factual allegations regarding whether he faced imminent danger of serious physical injury from Defendants at the time he filed his complaint. And Plaintiff has not specified what legal issues must be researched or resolved to answer the OSC. Finally, Plaintiff's pleadings generally repeat the same argument regarding imminent danger. Specifically, Plaintiff alleges that around the time he filed the complaint, prison officials denied him medical care in a manner that exposed him to imminent danger. *See generally* Dkt. Nos. 19, 23. The Court considered and rejected this argument in its April 16, 2025 Order denying leave to proceed *in forma pauperis*. Dkt. No. 21.

To the extent that Plaintiff is requesting that the Court reconsider its denial of *in forma pauperis* status, the Court DENIES the request. As discussed above, Plaintiff's pleadings generally repeat the same argument regarding imminent danger, an argument which the Court considered and rejected in a reasoned order.

The Court DENIES as moot Plaintiff's remaining requests – that the Court take judicial notice that he originally mailed the complaint to this Court on December 22, 2024 and that the Court identify the operative complaint. The Court dismisses this case for failure to pay the filing fee.

**III.   Dismissal of Action for Failure to Pay Filing Fee**

The deadline to pay the filing fee has passed, and Plaintiff has not paid the filing fee. Accordingly, the Court DISMISSES this action for failure to pay the filing fee in full. This dismissal is without prejudice to filing a request to reopen. Any request to reopen this action must be accompanied by the full filing and administrative fees.

### CONCLUSION

For the reasons set forth above, the Court DENIES Dkt. Nos. 22 and 23; and DISMISSES this action without prejudice for failure to pay the filing fee in full. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk is directed to close the case.

This order terminates Dkt. Nos. 22, 23.

**IT IS SO ORDERED.**

Dated:   5/20/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge